UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**CHRISTINA MONTOYA**,

    **Plaintiff,**

v.                                                   CIV. NO. 07-1078 BB/ACT

**AMERICAN ONLINE, INC.,**
a Virginia corporation,

    **Defendant.**

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendant AOL LLC's Motion to Strike Report of Dr. Brian McDonald as Untimely and to Bar Dr. McDonald from Testifying at the Trial of This Matter ("Motion to Strike") filed January 7, 2009. [Doc. No. 50]. Having reviewed Defendant's Motion to Strike, Plaintiff's Response [Doc. No. 51], Defendant's Reply [Doc. No. 55], and the applicable law, the Court finds that the motion is well taken and it will be granted.

### I. Background

In Defendant's Motion to Strike, Defendant sets out the following facts which are undisputed by Plaintiff. In the Court's Order setting case management deadlines, the Court set a September 5, 2008 deadline for Plaintiff's designation of expert witnesses and the production of expert reports. [Doc. No. 17]. The Plaintiff did not make any expert disclosures by that date. On September 29, 2008, in Plaintiff's Answers to Defendant's First Set of Interrogatories, Plaintiff indicated that she intended to call Dr. Brian McDonald as an expert, but Plaintiff did not provide an expert report to Defendant. On November 6, 2008, the parties moved for an Order extending the case management deadlines by 60 days [Doc. No. 33]; however, Plaintiff did not request additional time to designate

expert witnesses. On November 12, 2008, this Court amended certain deadlines, but did not extend the deadlines for designation of experts. [Doc. No. 35]. On December 17, 2008, three and a half months after the Court's deadline for Plaintiff's designation of experts and production of expert reports, Plaintiff served Defendant with a report from Dr. McDonald.  Plaintiff did not, however, provide the Defendant with the data considered by Dr. McDonald in forming his opinions or the other information required by Federal Rule of Civil Procedure 26(a)(2)(B) until January 8, 2009.[1]

Although Plaintiff does not dispute the above facts, Plaintiff states that the disclosure of Dr. McDonald was timely. Without supplying any dates to the Court, Plaintiff states that she informed the Defendant that she would have to get tax returns from the IRS, and that her expert needed these IRS reports in order to finalize his report. Plaintiff argues that she has acted in good faith in producing all documentation. Plaintiff further argues that Defendant has not been unduly prejudiced because the disclosure was made during the discovery period, and Dr. McDonald is available for deposition.

## II.  Law Regarding Disclosure of Experts

Federal Rule of Civil Procedure 26(a)(2) specifically requires each party to disclose the identity of any expert witness the party plans to use, along with the expert's detailed report. *See* Fed.R.Civ.P. 26(a)(2)(A) and (B). This expert report is mandatory, and the rule provides, *inter alia,* that the report must contain such information as a complete statement of all opinions to be expressed and the reasons for them, along with the data or other information considered by the expert in forming the opinions. Fed.R.Civ.P. 26(a)(2)(B).

---

[1] Plaintiff failed to provide Defendant with a summary of Dr. McDonald's qualifications, a list of all publications he has authored withing the last ten years, and a list of all other cases in which he has testified during the last four years, as required under Rule 26(a)(2)(B).

A party must make an expert disclosure "at the times and in the sequence that the court orders." Fed.R.Civ.P.26(a)(2)(C). If a party fails to disclose as required by Rule 26(a), that party cannot "use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed.R.Civ.P.37(c)(1). "[I]t is the obligation of the party facing sanctions for belated disclosure to show that its failure to comply with the Rule was either justified or harmless and therefore deserving of some lesser sanction." *Wilson v. Bradlees of New England Inc.,* 250 F.3d 10, 21 (1st Cir. 2001).

District courts have broad discretion to exclude untimely disclosed expert witness testimony. *Pride v. BIC Corp.,* 218 F.3d 566, 578 (6th Cir. 2000)(citing *Trilogy Commc'ns v. Times Fiber Commc'ns,* 109 F.3d 739, 745 (Fed.Cir. 1997)). *See Hirpa v. IHC Hosps., Inc.,* 50 Fed.Appx. 928, 932 (10th Cir. 2002); see also *Sims v. Great American Life Ins. Co.*, 469 F.3d 870, 894-95 (10th Cir. 2006) (where the Tenth Circuit held that the district court properly excluded Great American's accident reconstruction expert as untimely disclosed based solely on the fact that Great American did not comply with the court's scheduling order.) "The determination of whether a Rule 26(a) violation is justified or harmless is entrusted to the broad discretion of the district court." *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 953 (10th Cir. 2002) (quoting *Woodworker's Supply, Inc., v. Principal Mut. Life Ins. Co.,* 170 F.3d 985, 993 (10th Cir. 1999)).

In exercising its discretion, "[a] district court need not make explicit findings concerning the existence of a substantial justification or the harmlessness of a failure to disclose." *Woodworker's Supply,* 170 F.3d at 993 (citing *United States v. $9,041,598.68*, 163 F.3d 238, 252 (5th Cir. 1998)). Nevertheless, the following factors can guide the Court's discretion: "(1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice;

3

(3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness." Jacobsen, 287 F.3d at 953 (quoting *Woodworker's Supply, Inc.,* 170 F.3d at 993*).*

### III. Discussion

Plaintiff has not shown substantial justification for her failure to timely disclose her expert and produce her expert's report. Plaintiff's Response does not sufficiently address or offer any justification as to her failure to abide by the Court's September 5, 2008 deadline for designation of experts and production of expert reports. The only argument Plaintiff presents is that she did not have the tax returns necessary for the completion of the expert report. Plaintiff's argument, however, does not address her failure to timely disclose her expert. Additionally, plaintiff's own lack of diligence in obtaining documentation for the expert's report does not justify her untimely expert disclosure and report, especially when Plaintiff did not request an extension of the deadline. *See Overlook Mut. Homes, Inc. v. Spencer,* 2008 U.S. Dist. LEXIS 102067 at *7-8 (S.D. Ohio October 3, 2008). It was approximately one month after the expert disclosure deadline before Plaintiff identified Dr. McDonald as an expert, and the expert report sent to Defendant three and a half months late failed to meet the requirements of Rule 26 (a)(2)(B). At no time did Plaintiff request an extension of time from the Court, and Plaintiff has yet to provide a reason for her noncompliance with the Court's Order. Such behavior supports a finding of bad faith or willfulness on Plaintiff's part. *See Jacobsen,* 287 F.3d at 953.

Neither has Plaintiff shown her failure to be harmless. Defendant has been prejudiced by Plaintiff's actions, and the prejudice cannot be cured. *See id.* Trial is set for June 1, 2009. Plaintiff served the documents supporting Dr. McDonald's opinion on January 8, 2009, after the close of

discovery.[2]  In addition,  the report and supporting documentation were provided after the deadline for Defendant to file a motion to challenge admissibility.  *See Wong,* 410 F.3d at 1062.

Additionally, Plaintiff's failure is not harmless because in his expert report, Dr. McDonald incorrectly calculated Plaintiff's damages.  Dr. McDonald calculated Plaintiff's back pay up through December 31, 2007 and calculated front pay up through the end of 2010.  *See Defendant's Motion to Strike* at p. 6.  However, Defendant closed its Albuquerque Call Center and terminated all of its employees at the Call Center on December 16, 2006.  Accordingly, Plaintiff would not be entitled to lost wages after that date.  *See, Sandlin v. Corporate Interiors, Inc.* 972 F.2d 1212, 1215 (10th Cir. 1992).  Because Dr. McDonald's report is based on a faulty premise, it would be prejudicial to Defendant and disruptive to the trial to allow Dr. McDonald to testify or to submit his report to the jury.  *See Jacobsen,* 287 F.3d at 953.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Strike is hereby granted.  Dr. Brian McDonald may not testify at the trial of this matter, and his expert report is hereby stricken.

_____
**ALAN C. TORGERSON**
**UNITED STATES MAGISTRATE JUDGE**

---

[2]Plaintiff argues that Defendant is not prejudiced because Defendant offered to take the deposition of Dr. McDonald after the discovery deadline.  Defendant requested to take Dr. McDonald's deposition to protect its interest in the event the Court permitted the testimony of Dr. McDonald to go forward.  *Defendant's Reply* at p. 6.  Defendant's request does not make Plaintiff's actions harmless, *see General Electric Capital,* 2004 U.S. Dist. LEXIS 30713 at *9, and Defendant's request for the deposition does not waive its right to move this Court to bar Dr. McDonald's testimony.