IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

---

**CHRISTINA MONTOYA,**

    Plaintiff,

           v.                              No. CIV-07-1078 BB/ACT

**AMERICA ONLINE, INC.,**

    Defendant.

## MEMORANDUM OPINION AND ORDER AFFIRMING COSTS AWARD

This matter comes before the Court on Plaintiff's application to review the costs taxed in this case by the Clerk of this Court (Doc. 79). For the reasons discussed below, the Court will deny the application and affirm the award of costs.

Plaintiff raises three arguments in support of her application. First, she maintains she made a *prima facie* showing of discrimination against Defendant and therefore should not have been ordered to pay costs. Second, she states she is not in a financial position to pay the costs taxed in this case, and requiring her to do so would cause her severe financial hardship. Finally, she argues Defendant is a "multi-billion-dollar corporation that is more than able to cover its costs" in this matter. The Court addresses each of these arguments in turn.

The fact that Plaintiff may have established a *prima facie* showing of discrimination, even if true, has little impact on the issue of costs. Rule 54(d)(1) of the Federal Rules of Civil Procedure provides that costs other than attorney's fees are to be awarded to the prevailing party in a case as a matter of course. This rule does not require that a plaintiff's claim be frivolous or

completely without merit before costs should be awarded. In this case, Defendant was the prevailing party and is presumptively entitled to an award of its costs under Rule 54(d)(1), regardless of Plaintiff's *prima facie* showing of discrimination.

Plaintiff's argument concerning financial hardship is supported only by counsel's conclusory assertion and not by any evidence of Plaintiff's financial position. It would not be an abuse of discretion for the Court to consider a party's indigency in deciding whether to award costs, although costs may be awarded even in the face of a plaintiff's indigency. *See, e.g., Rodriguez v. Whiting Farms, Inc.*, 360 F.3d 1180, 1190-91 (10th Cir. 2004). In this case, however, Plaintiff's indigency has not been established. When Plaintiff applied for *in forma pauperis* status at the outset of this lawsuit, the presiding magistrate judge recommended that her application be denied. In doing so the magistrate judge found that Plaintiff received approximately $945 per month in child support and had obtained employment after the complaint was filed, which paid her approximately $2000 per month. [Doc. 7] Plaintiff did not challenge those findings. Furthermore, Plaintiff's pleading responding to Defendant's motion to tax costs indicates she is still employed as a teacher, and presumably she still receives the child support amount she previously reported. [Doc. 75] It is patently obvious that a person with yearly income of over $35,000 is not indigent and Defendant's costs cannot be denied on that basis.[1]

Plaintiff's final argument reverses the focus from her lack of finances to Defendant's wealth, as a large corporation allegedly more than able to absorb the costs of this litigation. It is not at all clear to the Court whether a defendant's wealth is a proper consideration, at least in the

---

[1]The Court does not mean to suggest it will be easy for Plaintiff to pay the costs taxed in this case, which are greater in amount than Plaintiff's entire monthly income, including both her salary and her child support payment. However, it is apparent from the case law that costs are to be awarded to the prevailing party except in the most extreme cases of indigency, and the Court is bound by that case law.

Tenth Circuit, when a court makes a decision as to costs. Most circuits that have considered the issue have held that a defendant's wealth, or great economic disparity between the parties, are irrelevant to the question of whether costs should be awarded to the prevailing party. *See, e.g., Fehribach v. Ernst & Young LLP*, 493 F.3d 905, 913 (7th Cir. 2007)*; Chapman v. AI Transp.*, 229 F.3d 1012, 1039 (11th Cir.2000); *In re Paoli R.R. Yard PCB Litigation*, 221 F.3d 449, 468 (3d Cir. 2000); *Cherry v. Champion Int'l Corp.*, 186 F.3d 442, 448 (4th Cir.1999)*; but see Ass'n of Mexican-American Educators v. State of California*, 231 F.3d 572, 592-93 (9th Cir. 2000) (affirming district court's denial of costs where district court relied, in part, on great economic disparity between the parties). The Tenth Circuit has stated that costs should usually be denied to the prevailing party only if there is some reason to punish that party. *See Rodriguez, supra,* 360 F.3d at 1190. It is the Court's belief that the Tenth Circuit, if presented directly with this question, would follow the majority rule and hold that costs may not be denied to a prevailing party simply because that party is much more wealthy than the non-prevailing party.

Furthermore, Plaintiff's assertion about Defendant's financial position is based solely on a conclusory assertion by Plaintiff's counsel, without any supporting evidence. The mere fact that a corporation may be large does not mean it is financially successful or wealthy. The Court takes judicial notice of the fact that airline companies, for example, often lose hundreds of millions of dollars in a single year. With respect to Defendant in particular, the Court notes that according to news articles obtained online, Defendant has been forced to lay off more than 700 employees in 2009, with more layoffs possible in the future. In the face of this indication of financial weakness, counsel's mere assertion that Defendant can well afford to absorb its costs carries no weight. Even if the Court were to consider the parties' relative economic positions, therefore, the Court would find that Plaintiff has failed to submit sufficient evidence to justify

denying Defendant its costs as the prevailing party in this case.

The Court notes Plaintiff has not challenged the amount of costs awarded in this case, but has simply objected to any award of costs at all.  For the reasons discussed above, her objections are not well taken.

## ORDER

Based on the foregoing opinion, it is **ORDERED** that Plaintiff's application to review the costs awarded in this case (Doc. 79) be, and hereby is, **DENIED.**

Dated this 20th day of October, 2009.

                                            BRUCE D. BLACK
                                            United States District Judge